Rollins, S.
—By the second article of his will this testator gave to his executors his entire estate upon the trusts following:
“ They shall reduce all my personal property into cash and invest the same upon bond and mortgage * * * . They are authorized to sell all and every part of my real property and * *• * to invest the proceeds * * * . *439 They shall divide the said property, real and personal, or the proceeds from sales thereof, into two equal parts, one of which equal parts I do hereby give to the child or children of my daughter, Mona Totten, and the other of which equal parts I do give to the child or children of my daughter, Mary Caddick.”
These devises and bequests were conditioned as follows:
“In case Joseph Totten, the son of my said daughter Mona shall arrive at the age of twenty-one years, and shall not then have a brother or sister living, then he shall have the whole of the first above mentioned of said two parts; and in case, upon his arrival at full age, there shall be a child or children of said Mona, in addition to said Joseph, the said one of said two equal parts shall be divided equally among said children, share and share alike, and said Joseph shall then receive his share thereof.”
“In case my said daughter Mona shall die without leaving issue her surviving, the share which her children should take shall go to my grandchildren then living, share and share alike; if she leave issue, the issue to take. But this provision shall be of no effect in case she shall have a child which shall live to the age of twenty-one, which child shall receive the same property and share the same as Joseph aforesaid had he lived.”
The will then provides as follows:
“The other of said equal two parts shall be paid to the children of my said daughter, Mary Caddick, in equal shares at their arrival at the age of twenty-one; that is to say, upon the arrival of the eldest of such children at such' age, he or she shall receive a sum equal to what the others would receive if they all were of age on that same day, and any child or children of said Mary Caddick, hereafter born, shall be included in these provisions, except that any child who shall have arrived at full age, and shall have received his share, shall not be required to contribute to such child as shall be born after he has received such share aforesaid.”
Then follows a clause as to the rights of survivors of deceased grandchildren, and then the provision following:
“ None of my grandchildren shall receive anything or be entitled to anything, or be deemed to own or have a property or estate in anything left by me, until arrival of full age, or the death of his, her, or their, mother as aforesaid; and all my estate shall be distributed hereunder, one‘half thereof at the farthest, twenty-one years after the death of my said daughter Mary. The child or children surviving his, her, or their mother, of either of my daughters aforesaid, to be invested with the property, then undistributed of the share set apart for the child or children of that one of my daughters who shall then die.”
*440 I hold that, by the operation of these awkwardly worded provisions, the two sets of grandchildren become absolutely entitled to their appropriate shares of this estate upon the deaths of Mrs. Totten and Mrs. Oaddick, respectively, and become earlier entitled thereto in the event of earlier attainment of majority in the life-time of their respective mothers.
If Mona Totten shall survive Mary Oaddick for twenty-one years, then the entire estate is to be distributed among the grandchildren, even though some of them then surviving may not have come of age.
The half of the estate which goes to the children of Mary Oaddick, is all to be distributed at her death, and parts may be distributed in advance of that period, as her children respectively come of age. The half which goes to the children of Mona Totten, is to be distributed upon her death, or sooner, if her children sooner come of age, or if, in her life-time, a period of twenty-one years shall have elapsed after the death of Mary Caddick.
There is in these directions, as I construe them, no unlawful suspension of the power of alienation..
The will gives no direction for the disposal of such income as the estate may yield prior to its distribution. This income should be divided between the testator’s daughters.
The questions above determined arise upon a trustee’s accounting. Objections having been interposed to his account as originally filed, the issues were sent to a reference. Subsequently a supplementary account was presented to the referee. The supplementary account seemed to the referee to meet certain of contestant’s objections, and he has reported accordingly. The contestant’s exception to this portion of the report is admittedly of no importance except in connection with the allowance of costs. I shall not disturb the referee’s conclusion, but in the taxation of costs, upon settlement of the decree herein, this matter will be considered anew.
The referee was requested to find as matter of fact the provisions of the will as above-quoted and referred to, and to find, as a conclusion of law, that, as the will makes no disposition of the income, such income should be divided between the testator’s daughters. The referee refused so to find upon the ground that he had no authority in the premises.
He has stated the account in such form as to show the aggregate balance now in the hands of the trustee, without indicating what portion thereof is principal of the estate, and what portion is income.
As the testator’s daughters are entitled to the income, until the time arrives for the distribution, this exception *441 must be sustained. The case must, therefore, go back to the referee for a re-statement of the trustee’s account, unless the parties interested shall reach an agreement which will make such re-statement unnecessary.